UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN THOMPSON                                    CIVIL ACTION

VERSUS                                           NO: 03-2045

HARRY F. CONNICK, et al.                         SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion In Limine to Exclude Expert Report of Edward Morse, PH.D. and to Preclude His Testimony at Trial** (Rec. Doc. 49). The motion is opposed. For the following reasons, the Court finds that Plaintiff's motion should be **GRANTED** in part and **DENIED** in part.

Defendants offer Dr. Morse's testimony as an expert and as a fact witness. The expert testimony concerns the cause of Plaintiff's injuries. The fact testimony's content is unclear.

The Fifth Circuit has summarized the district court's role regarding expert testimony as follows: "(1) to ensure that an expert's testimony rests upon a reliable foundation, (2) to ensure that all scientific testimony or evidence is reliable and relevant, and (3) to exclude scientific evidence 'if its probative value is substantially outweighed by the danger of

unfair prejudice.'" <u>Guillory v. Domtar Indus. Inc.</u>, 95 F.3d 1320, 1331-32 (5th Cir. 1996) (citing <u>Marcel v. Placid Oil Co.</u>, 11 F.3d 563, 567 (5th Cir. 1994)).

Dr. Morse's expert report contains two conclusions. The first is that "no one suggested that John had not done the crime for which he had been found guilty." Pl.'s Ex. A at 4. Plaintiff objects that this conclusion is based on hearsay, that it is irrelevant, and its prejudicial effect outweighs any probative value. Defendants counter that the evidence is not hearsay, and that, regardless, experts can base their opinions on hearsay.

Testimony about Plaintiff's innocence or guilt for crimes, or about conversations regarding innocence or guilt are outside the scope of Dr. Morse's expertise. In addition such testimony is irrelevant, and so will not "assist the trier of fact" as required by Federal Rule of Evidence 702. The Court finds that testimony concerning Plaintiff's guilt or innocence for crimes should be excluded.

The second expert opinion in Dr. Morse's report is that "[a]t best it would be impossible to discriminate between the impact of his brutal childhood and the effects of his incarceration." Pl.'s Ex. A at 4. Plaintiff argues that this opinion lacks foundation because Dr. Morse has not spoken with Plaintiff since 1985 and so cannot determine whether the

intervening imprisonment resulted in injury to Plaintiff. Defendant counters that Dr. Morse reviewed records, transcripts, and depositions to prepare his report.

As noted above, the Court must "ensure that an expert's testimony rests upon a reliable foundation." Guillory, 95 F.3d at 1331-32. Although the basis for Dr. Morse's causation opinion does raise questions, the Court defers ruling on the matter until an evidentiary hearing outside of the presence of the jury to determine its admissibility.

Regarding Dr. Morse's testimony as a fact witness, it is difficult to understand what relevant facts Dr. Morse could testify about. However, the Court defers ruling on the matter until the Court can hear the proposed testimony at an evidentiary hearing outside of the presence of the jury. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion In Limine to Exclude Expert Report of Edward Morse, PH.D. and to Preclude His Testimony at Trial** (Rec. Doc. 49) is **GRANTED** as to testimony concerning the guilt or innocence of Plaintiff and **DENIED** as to the remainder of the testimony, pending an evidentiary hearing.

New Orleans, Louisiana this the 16th day of November, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE