UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN THOMPSON                                              CIVIL ACTION

VERSUS                                                     NO. 03-2045

HARRY CONNICK, ET AL.                                      SECTION "J" (5)

### ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendants Eric Dubelier and James Williams in their official capacities as former assistant district attorneys. (Doc. 69.) The motion is opposed. (Doc. 71.) After considering the motion, opposition, and the applicable law, the Court finds that the motion should be DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 11 and 12, 1985, Plaintiff was prosecuted in Orleans Parish Criminal District Court and convicted of attempted armed robbery. Then, on May 5-8, 1985, Plaintiff was tried, convicted and sentenced to death for first degree murder, again in Orleans Parish Criminal District Court. Plaintiff exhausted his post-conviction relief available in state court, and on February 27, 1997, he filed a habeas corpus action in the United States District Court, Eastern District of Louisiana. After

conducting an exhaustive review of the state court pleadings and records available at that time, the district court denied Plaintiff's application for habeas relief. Plaintiff appealed the district court's decision, which was affirmed by the Fifth Circuit.

On April 16, 1999, the state trial court set Plaintiff's execution date for May 20, 1999. On April 29, 1999, Plaintiff's counsel met with Orleans Parish assistant district attorneys and were provided with documents regarding blood evidence in the attempted armed robbery case that had not been turned over before trial. On May 2, 1999 the trial court stayed Plaintiff's execution. Plaintiff's blood was tested and determined to be different than the blood of the assailant in the armed robbery case. Consequently, the trial court conducted an evidentiary hearing, and on June 29, 1999, the court vacated the attempted armed robbery conviction.

Plaintiff then filed for additional post-conviction relief with respect to his murder conviction. On October 26, 2000, the trial court conducted a hearing and reversed Plaintiff's death sentence, but did not award him a new murder trial. Plaintiff appealed, and on July 17, 2002, the Louisiana Fourth Circuit Court of Appeal reversed Plaintiff's conviction and sentence and remanded the case for a new trial. A new murder trial was

conducted in May of 2003, which resulted in Plaintiff's acquittal of the murder charges.

On July 16, 2003, Plaintiff filed the above-captioned lawsuit under 42 U.S.C. §§ 1983, 1985 and 1986 against the defendants, Harry Connick, Eric Dubelier, James Williams, Eddie Jordan, and the Orleans Parish District Attorney's Office. Harry Connick was sued in his personal and his official capacities. The other defendants were sued only in their official capacities. Plaintiff also asserted state law tort claims. Defendants answered the Complaint.

Following a period for discovery, Defendants filed a Motion for Summary Judgment arguing that Plaintiff was barred by prescription or estoppel; that Plaintiff was barred by absolute or qualified immunity for the federal claims against Harry Connick personally and for the state law claims; and that Plaintiff failed to raise a triable issue of fact on necessary elements of his federal claims against the District Attorney's Office and Harry Connick. This Court granted Defendants' motion with regard to the state law claims and denied it as to the defenses of prescription and estoppel. The Court also denied judgment against the federal claims because the claims were legally viable and Plaintiff had presented sufficient evidence to raise questions of fact to be resolved at trial.

The specific defendants Eric Dubelier and James Williams in their official capacities as assistant district attorneys have now filed a motion to have the claims against them dismissed based on a recent unpublished Fifth Circuit opinion that found that an assistant district attorney is not the proper party for an official capacity suit against the District Attorney's Office because he is not the final policymaker. *See Truvia v. Julien*, 2006 WL 1675116, *3 (5th Cir. 2006). In its earlier ruling this Court specifically considered the issue of whether assistant district attorneys could potentially subject the District Attorney's Office to liability under 28 U.S.C. § 1983 by acting as official policymakers. The Court found that it was not barred as a matter of law, and that factual issues exist as to whether Mr. Dubelier or Mr. Williams had been delegated the final policymaking authority in this case. (Doc. 60 pp. 10-11.)

## APPLICABLE LEGAL STANDARD

Federal Rule 12(b) states that a motion making any of the defenses allowed by that subsection must be made before pleading. Clearly, the present motion does not comply. Because this Court has already ruled on the exact issue that Defendants raise in the present motion, the motion will be treated as one for reconsideration. The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an interlocutory

order, but clearly it is within a district court's inherent discretion to reconsider or modify such orders at any time prior to the final decree. *See, e.g., Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 356 (5th Cir. 1989); *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970). For the following reasons, the Court declines to reconsider its prior order.

## DISCUSSION

Defendants fail to present any new factual evidence. Defendants, in supplying this Court with a copy of a recent Fifth Circuit opinion, argue that the Court has made a mistake of law in allowing for the possibility that a jury might find that Mr. Dubelier or Mr. Williams were delegated official policymaking authority. Defendants' basic contention is that the recent case forecloses that possibility as a matter of law.

*Truvia v. Julien*, 2006 WL 1675116, (5th Cir. 2006) is an unpublished per curiam decision. As such it is not binding precedent under Fifth Circuit Rule 47.5.4, though it may be persuasive. *Truvia* reads the statement in *Burgess v. Parish of St. Tammany*, 187 F.3d 452, 469 (5th Cir. 1999), that "a district attorney is the independent and final official policymaker for all administrative and prosecutorial functions of his office," as establishing that an assistant is not a proper defendant for a claim against the District Attorney's Office. However, the

particular issue in *Burgess* addressed by this quote was whether a suit against the District Attorney was more properly viewed as one against the entity he represents, such that any recovery should come from the Office's funds and not from the district attorney personally. *Burgess* offers no analysis that forecloses as a matter of law the possibility of an assistant being delegated official policymaking authority. In fact, as this Court noted in its first order, the Fifth Circuit has expressly found an assistant district attorney to be "a policymaking official at the district attorney's office" whose actions subjected the office to liability under § 1983. *See Mairena v. Foti*, 816 F.2d 1061, 1065 (5th Cir. 1987). This Court, therefore, does not find *Truvia* to be so persuasive as to dispose of the issue. At best, the law on this issue is ambiguous.

## CONCLUSION

This Court's review of the precedential case law leads it to conclude that an assistant district attorney may be delegated official policymaking authority, and the evidence adduced in this case prohibits an entry of summary judgment.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Pursuant to

Rule 12(b)(6) (Doc. 69) is **DENIED;** oral argument is **CANCELLED.**

New Orleans, Louisiana this the __10th__ day of October, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE