```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


JOHN THOMPSON                                 CIVIL ACTION

VERSUS                                        NO. 03-2045

HARRY CONNICK, ET AL.                         SECTION "J" (5)
```

## ORDER AND REASONS

Before the Court are defendants' Renewed Motion for Judgment as a Matter of Law (Doc. 147), Motion for a New Trial or for Remittitur (Doc. 148), and Motion to Alter Judgment (Doc. 149). The motions are opposed. After considering the motions, oppositions, and the applicable law, the Court finds that the motions should be DENIED.

1

**BACKGROUND**

In May, 1985, John Thompson was tried, convicted, and sentenced to death for murder. As a result, Mr. Thompson spent eighteen years in prison, fourteen of which were spent on death row at the Louisiana State Penitentiary at Angola, and was nearly executed by the State. He was exonerated after it was discovered that an assistant district attorney had destroyed exculpatory evidence to obtain an armed robbery conviction against Mr. Thompson, which conviction had prevented Mr. Thompson from taking the stand on his own behalf at the murder trial.

On July 16, 2003, Plaintiff filed the above-captioned lawsuit under 42 U.S.C. §§ 1983, 1985 and 1986 against the defendants, Harry Connick, Eric Dubelier, James Williams, Eddie Jordan, and the Orleans Parish District Attorney's Office. Harry Connick was sued in his personal and his official capacities. The other defendants were only sued in their official capacities. After substantial motion practice had narrowed the issues, the case was tried before a jury from February 5th to February 9th, 2007. At the close of evidence, the Court ruled that defendants Eric Dubelier and James Williams were not final policy makers for the District Attorney's Office, but it declined to dismiss them as parties because they were sued only in their official capacities.

After hearing the evidence, the arguments of counsel, and

the legal instructions of the Court, the jury found that District Attorney Harry Connick was deliberately indifferent to the need to train, monitor, and supervise his prosecutors to comply with the constitutional requirements concerning production of evidence favorable to an accused. The jury found that this deliberate indifference caused harm to John Thompson, and it awarded Mr. Thompson $14,000,000. The Court entered judgment in favor of John Thompson and against "Harry F. Connick, Eric Dubelier, James Williams, and Eddie Jordan in their official capacities, and the Orleans Parish District Attorney's Office, jointly and in solido." (Doc. 141.)

## LEGAL STANDARDS

*Motion for Judgment as a Matter of Law (J.N.O.V.)*

A Rule 50 "motion for judgment as a matter of law will be granted only if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.... On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied." *Brown v. Bryan County*, 219 F.3d 450, 456 (5th Cir. 2000) (citation omitted).

*Motion for a New Trial or For Remittitur*

This Court has discretion to grant a new trial under Rule 59(a) when a new trial is necessary "to prevent an injustice." *Gov't Fin. Serv. One v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (quoting *Delta Eng'g Corp. v. Scott*, 322 F.2d 11, 15-16 (5th Cir. 1963)). "Where a damage award is excessive or so large as to appear contrary to right reason, the award is generally subject to remittitur, not a new trial." *Marcel v. Placid Oil Co.*, 11 F.3d 563, 568 (5th Cir. 1994). The Fifth Circuit has "expressed the extent of distortion that warrants intervention by requiring such awards to be so large as to 'shock [the] judicial conscience,' 'so gross or inordinately large as to be contrary to right reason,' so exaggerated as to indicate 'bias, passion, prejudice, corruption, or other improper motive,' or as 'clearly exceeding that amount that any reasonable man could feel the claimant is entitled to.'" *Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501, 506 (5th Cir. 1989).

*Motion to Alter or Amend*

A Rule 59(e) motion 'calls into question the correctness of a judgment.'... Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th

4

Cir. 2004) (citations omitted).

## DISCUSSION

Defendants have failed to meet their burden for Judgment as a Matter of Law, New Trial, Remittitur, or Amendment of the Judgment. The Court finds that ample evidence was adduced at trial concerning the conduct of prosecutors in both the armed robbery trial and the first murder trial, as well as the nature of the training and supervision they received for a rational trier of fact to conclude that the District Attorney was deliberately indifferent to the obvious need to train, monitor, and supervise his prosecutors. The jury was justified in concluding that this indifference caused serious injury to Mr. Thompson. The amount the jury found suitable to compensate the injury does not shock the Court's conscience, and, although high, is not completely out of line with prior awards for severe injury.

Defendant's legal arguments regarding the substantive requirements of a section 1983 claim and the legal instructions of the Court have all been addressed by the Court at various stages in the proceedings and the Court declines to revisit those arguments in response to post-trial motions.

Regarding the motion to alter or amend, the Court's decision to include all parties to this action in the Judgment was based on the fact that they were all sued in their official capacities

and they all represent the District Attorney's Office. The Judgment imposes no personal liability. Defendants have failed to demonstrate to the Court that its decision is a manifest error of law.

Accordingly,

**IT IS ORDERED** that defendants' Renewed Motion for Judgment as a Matter of Law (Doc. 147), Motion for a New Trial or for Remittitur (Doc. 148), and Motion to Alter Judgment (Doc. 149) are **DENIED**.

New Orleans, Louisiana this the 23rd day of April, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE