UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN THOMPSON                                              CIVIL ACTION

VERSUS                                                     NO. 03-2045

HARRY CONNICK, ET AL.                                      SECTION "J" (5)

**ORDER**

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs. (Doc. 156.) Defendants' contest the amount of fees and costs claimed by Plaintiff's counsel. (Doc. 163.) The Court finds that attorneys'/ fees and costs should be awarded in the following manner and amounts.

**Background**

John Thompson won a $14 million verdict in his civil rights case against the New Orleans District Attorney's office, based on a jury finding that the district attorney was deliberately indifferent to the need to train and supervise his prosecutors in fulfilling their constitutional duties. The Court allowed Thompson, as the prevailing party in a civil rights case, a certain time period to file a motion for fees and costs. *See* 42

U.S.C. § 1988. Thompson has filed his motion and support for attorneys' fees totaling $1,375,789.05, expert fees of $90,916.61, and costs totaling $43,419.05. Defendants oppose on various grounds.

## Discussion

Pursuant to 42 U.S.C. § 1988, prevailing parties in a civil rights suit are entitled to reasonable attorney's fees as a part of the costs. 42 U.S.C. § 1988(b). To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim, that is, some enforceable judgment against the defendant. *Farrar v. Hobby*, 506 U.S. 100, 112 (1992); *Bailey v. State of Mississippi*, 407 F.3d 684, 687 (5th Cir. 2005). There is no question that Mr. Thompson is a prevailing party for purposes of § 1988.

Courts in this Circuit have traditionally calculated reasonable attorneys' fees by using the "lodestar" method, which begins with the calculation of the reasonable number of hours expended on litigation multiplied by a reasonable hourly rate. *See Copper Liquor v. Adolph Coors*, 624 F.2d 575, 583 n.15 (5th Cir. 1980). Although it has not been mandated by the Fifth Circuit, to determine the applicable rate courts in this district have applied the "forum rule", which requires "the district court to determine only the prevailing market rate within its

jurisdiction." *Smoothie King Franchises, Inc. v. Viva La Smoothie, Inc.*, 2003 WL 1914019 (E.D. La. 2003). This figure is then adjusted upward or downward based on an analysis of twelve factors known as the *Johnson* factors. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.; see also Von Clark v. Butler*, 916 F.2d 255, 258 n.3 (5th Cir. ).

The Court "must also consider, *inter alia*, 'whether the award is excessive in light of the plaintiff's overall level of success'. Moreover, the requested fees must bear a ' "reasonable relationship to the amount in controversy or to the complexity" ' of the circumstances of the case." *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000). The

Court will note at the outset with regard to these general considerations that even the entire amount requested by plaintiff's does not strike the Court as unreasonable or excessive.  Plaintiff's counsel are asking for attorneys' fees of less than ten percent of the award recovered, plus costs. The undersigned was genuinely impressed by the performance of plaintiff's counsel and would like to take the opportunity of this fee award to compliment Plaintiff's attorneys on their dedication in this long and difficult case, their ability to identify the relevant issues and law, and their skill in advocacy.

Defendants quibble over various hours that they assert are excessive or misspent. However, the Court has reviewed the time sheets and finds that the hours expended are reasonable. "Those who elect a militant defense in the face of a statute allowing attorney's fees if they are defeated must take into account the time and effort they exact from their opponents." *Perkins v. New Orleans Athletic Club*, 429 F. Supp. 661, 667 (E.D. La. 1976). Plaintiff's counsel have already reduced the hours they have spent by 482 and have not even included hours spent by local counsel.

Plaintiff's counsel request rates ranging from $405 to $625 per hour for experienced attorneys over the five year period of

this case. Rates requested for associate attorneys range from $180 to $285 per hour. Rates requested for legal and technical assistants range from $135 to $225 per hour. Defendants seek to reduce these rates by up to 69%. The Court finds from surveying cases that the basic local rates would be a little more than defendants suggest, but nowhere near as high as Plaintiff counsel's Philadelphia rates.

After surveying attorney fee awards in recent civil rights cases in this jurisdiction, Judge Livaudais decided that $235.00 for 2004, $250.00 for 2005, and $260.00 for 2006 were reasonable rates for a well qualified attorney and that $65.00 for 2004, $70.00 for 2005, and $75.00 for 2006 were reasonable rates for a paralegal. *Speaks v. Kruse*, 2006 WL 3388480, *4 (E.D. La. 2006). Judge Livaudais took into account that the case "was not a case with complex or disputed facts, or for that matter, unsettled legal issues." *Id.* In *White v. Imperial Adjustment Corp.*, 2005 WL 1578810, *7-8 (E.D. La. 2005), Judge Engelhardt provided an oft-listed summary of twenty-first century rates in this district:

> Only three years ago, the Fifth Circuit affirmed an award of $175 per hour for an attorney who had practiced employment law in the New Orleans area for fourteen years. *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). Moreover, a survey of attorney's fee awards recently made in both similar and more complicated cases in the Eastern District reveal the following:
>
> 1. Last year, Magistrate Judge Wilkinson awarded an

uncontested rate of $225 per hour to partner-level counsel in *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D.La. Sept.23, 2004), in a settlement of a nationwide collective action brought under the Fair Labor Standards Act.

2. In a Voting Rights Act case, Judge Lemelle denied an hourly rate of $225 for a civil rights attorney with 30 years of experience and a former federal judge, and awarded $200 per hour as reflective of the rate in this market for very experienced counsel. *Sorapuru v. Mitchell*, No. 02-2524, Record Doc. No. 63 (E.D.La. July 13, 2004).

3. In *Johnson v. ChoicePoint Servs., Inc.*, No. 03-1061, 2004 WL 253460 (E.D.La. Feb.10, 2004), Magistrate Judge Shushan awarded $200 per hour in an FCRA case to an attorney who had practiced law for 22 years.

4. In a Title VII case, Magistrate Judge Wilkinson awarded $150 per hour to a lawyer who had been practicing for eight years, and granted an upward adjustment to $160 because the case was undesirable and presented significant time constraints. *Jimenez v. Paw-Paw's Camper City, Inc.*, No. 00-1756, 2002 WL 257691, at *22 (E.D.La. Feb.22, 2002), aff'd, 2003 WL 1524644 (5th Cir.2003).

5. In a class action under the Fair Debt Collection Practices Act, Judge Vance approved $225 per hour for an attorney who had more than 25 years experience, had appeared and argued before the United States Supreme Court and three United States Courts of Appeals, and had contributed to literature on federal civil procedure. *Henderson v. Eaton*, No. 01-0138, 2002 WL 31415728, at *5 (E.D.La. Oct.25, 2002).

6. In a Title VII case, Judge McNamara awarded an hourly rate of $150 to counsel "who has been recognized as a leading attorney in employment law." *Dufresne v. J.D. Fields & Co., Inc.*, No. 99-3714, 2001 WL 1661833, at *1 (E.D.La. Dec.19, 2001).

7. In a civil rights case in 2001, Judge Vance awarded $150 per hour to an attorney who had been admitted to the bar in 1977. *Oyefodun v. City of New Orleans*, No.

>   98-3283, 2001 WL 775574, at *9 (E.D.La. July 9, 2001).
>
>   8. Judge Livaudais awarded $185 per hour to a civil rights attorney with 25 years of experience. *Lalla v. City of New Orleans*, 161 F.Supp.2d 686, 699 (E.D.La.2001).
>
>   9. In *Yousuf v. UHS of De La Ronde, Inc.*, 110 F.Supp.2d 482, 490-91 (E.D.La.1999), Judge Livaudais awarded $195 per hour to an attorney who had practiced civil rights litigation for 24 years.
>
>   10. In a qui tam case, Judge Duval awarded high-end hourly rates of $250, $175 and $150 for attorneys with substantial experience because of the particular difficulty of the case and the lucrative and less risky business the lawyers were precluded from accepting. United States ex rel. *Garibaldi v. Orleans Parish Sch. Bd.*, 46 F.Supp.2d 546, 569 (E.D.La.1999), vacated on other grounds, 244 F.3d 486 (5th Cir.2001).

These cases each rely on their varying factual circumstances. This case was factually complicated, legally difficult, and formidably defended. The Court finds based on its survey of recent cases, its own experience of local rates, and the varying number of years of experience of Plaintiff's counsel coupled with the relative inexperience in the particular area of law at issue in this litigation that the basic local rate should be 50% of plaintiff's counsels' requested rate.

However, upon consideration of the *Johsnon* factors the Court finds that an upward adjustment is appropriate. Plaintiff's use of out-of-town counsel was necessary under the factual circumstances of this case and special skill was required to win this case. Plaintiff's counsel in this civil action had been

representing him pro bono for fourteen years through all of the post-conviction proceedings prior to his acquittal. They were intimately familiar with the complicated history and facts of the case because they had lived with it for so long. They will of course remain uncompensated for all of those years spent preventing the State of Louisiana from unconstitutionally executing one of its citizens.

Because his death sentence had been vacated in July 2002, Plaintiff arguably had only two months following his May 2003 acquittal to file this civil action before prescription ran. Although there are fine local civil rights attorneys, there was no local counsel who would or could properly investigate the case, accept it on a contingency basis, and file a legally sufficient complaint in that time. Plaintiff's post-conviction counsel were uniquely positioned and qualified to handle this case.

In addition, Defendants' vague assertion that the subject matter of this suit is unexceptional and required no special skill because "similar cases have been filed against Harry Connick ...[and] other Louisiana District Attorneys" strains credulity. As Defendants are well aware, filing the case is not the same as winning the case. It is a gross understatement to say that obtaining a jury verdict in a civil rights case against a

Louisiana District attorney requires exceptional ability. Taking into account the bulk of the *Johnson* factors and the exceptional circumstances of this case, the Court finds that an upward adjustment of 50% from the reasonable base rate is warranted. Therefore, the Court will award 75% of the attorneys' fees that plaintiff requested, or $1,031,841.79.

The Court finds that the expert fees requested are reasonable and recoverable under 42 U.S.C. § 1988(c). The Court has also reviewed the bill of costs and the signed declaration in support. The Court is satisfied that the costs are correct and necessary.

Accordingly,

**IT IS ORDERED** that plaintiff should be awarded attorneys' fees in the amount of $1,031,841.79, expert fees in the amount of $90,916.61, and costs in the amount of $43,419.05

New Orleans, Louisiana this the 16th day of June, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE